UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION,<br><br>　　　　　Defendants.<br>_____/ | CV F   07  179 LJO SMS P<br><br>ORDER CONSTRUING MOTION FOR COURT ORDER TO TRANSFER PLAINTIFF AS MOTION FOR INJUNCTIVE RELIEF (Doc. 12.)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR PRELIMINARY INJUNCTIVE RELIEF (Doc. 12.) |

Garrison S. Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 1, 2007. On April 6, 2007, Plaintiff filed a Motion requesting a Court directing the California Department of Corrections and Rehabilitation to transfer him to another institution. Plaintiff claims he is experiencing retaliation for having filed this suit. The Court CONSTRUES Plaintiff's request as a request for injunctive relief.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v.

1 Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted).  The purpose of a
2 preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the
3 moving party that justice requires the court to intervene to secure the positions until the merits of
4 the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395
5 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a
6 combination of probable success and the possibility of irreparable harm, or (2) that serious
7 questions are raised and the balance of hardship tips in its favor."  Arcamuzi v. Continental Air
8 Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must
9 demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not issue if
10 the plaintiff "shows no chance of success on the merits."  Id.  At a bare minimum, the plaintiff
11 "must demonstrate a fair chance of success of the merits, or questions serious enough to require
12 litigation."  Id.
13          A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction, as a
14 threshold and preliminary matter the court must have before it for consideration a "case" or
15 "controversy."  Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or
16 "controversy" before it, it has no power to hear the matter in question.  Rivera v. Freeman, 469 F.
17 2d 1159, 1162-63 (9th Cir. 1972). At this juncture, the Court has not yet screened Plaintiff's
18 case and thus, it has not been determined that the Complaint states cognizable claims for relief.
19 Plaintiff has not stated any cognizable claims for relief in this action.  Thus, at this time, Plaintiff
20 is not entitled to any type of preliminary injunction, as the Court lacks jurisdiction to issue any
21 such orders.
22          Based on the foregoing, the Court HEREBY ORDERS:
23          1.      The Motion for Transfer is CONSTRUED as a Motion for Injuctive Relief; and
24 the Court RECOMMENDS:
25          2.      That the Motion for Injunctive Relief be DENIED.
26          These Findings and Recommendations will be submitted to the United States District
27 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
28 **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file

written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 13, 2007**                           /s/ Sandra M. Snyder
                                                                     UNITED STATES MAGISTRATE JUDGE