IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRISON S. JOHNSON,

    Plaintiff,                    1:07-CV-0179 ALA P

    vs.

CALIFORNIA CORRECTIONAL
PEACE OFFICER ASSOCIATION,

    Defendants.             <u>ORDER</u>
_____/

    Plaintiff Garrison Johnson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 1, 2007, Plaintiff filed a complaint alleging a violation of Plaintiff's constitutional rights. Examination of Plaintiff's complaint finds that the Defendants are employees of a governmental entity.

**I**

    Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen complaints brought against a governmental entity or officer or employee of a governmental entity. The Court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 915(A)(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke*

1  *v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this Court] must accept
2  [Plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court
3  may dismiss a complaint only if it is clear that no relief could be granted under any set of facts
4  that could be proved consistent with the allegations." *Id.*

5   "To sustain an action under section 1983, a plaintiff must show (1) that the conduct
6  complained of was committed by a person acting under color of state law; and (2) that the
7  conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*,
8  466 F.3d 676, 689 (9th Cr. 2006).

9  Review of Plaintiff's complaint finds that it does not state a colorable claim for relief
10 pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

**II**

12  The central issue in Plaintiff's complaint is the lock down practices of the various
13 prison's at which he has been housed.  Specifically Plaintiff alleges that during October of 2006,
14 Defendants, California Correctional Peace Officers Association ("CCPOA"),  pressured prison
15 officials into keeping African American inmates on lock down due solely to their race.
16 Complaint at 3-4.  Plaintiff also alleges that he was "subjected to excessive force and beaten by
17 prison guards."  Complaint at 4.

18  While the actions alleged in Plaintiff's complaint may constitute a violation of Plaintiff's
19 constitutional rights, Plaintiff has failed to name one person who took part in these actions.
20 Instead Plaintiff only refers to CCPOA, the union which represents California's prison guards.
21 As noted above, "[t]o sustain an action under section 1983, a plaintiff must show (1) that the
22 conduct complained of was committed by <u>a person </u>acting under color of state law; and (2) that
23 the conduct deprived the plaintiff of a federal constitutional or statutory right."  *Hydrick*, 466
24 F.3d at 689 (emphasis added).  Plaintiff has not identified any person whose conduct is at issue.
25 Therefore, Plaintiff's complaint will be dismissed.
26 /////

### III

To proceed Plaintiff must file a first amended complaint.  Any amended complaint must show that the federal court has jurisdiction and that Plaintiff's action is brought in the right place, that Plaintiff is entitled to relief if Plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving Plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If Plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  FED. R. CIV. P. 10(B).  Plaintiff may join multiple claims if they are all against a single defendant. FED. R. CIV. P. 18(a).  If Plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  FED. R. CIV. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.

Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

1  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*
2  *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of
3  Civil Procedure is fully warranted" in prisoner cases).
4      A district court must construe pro se pleading "liberally" to determine if it states a claim
5  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an
6  opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,
7  the "[f]actual allegations must be enough to raise a right to relief above the speculative level on
8  the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*
9  *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).
10      The court (and Defendants) should be able to read and understand Plaintiff's pleading
11  within minutes. *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many
12  defendants with unexplained, tenuous or implausible connection to the alleged constitutional
13  injury or joining a series of unrelated claims against many defendants very likely will result in
14  delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action
15  pursuant to FED. R. CIV. P. 41 for violation of these instructions.
16      An amended complaint must be complete in itself without reference to any prior
17  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff
18  files an amended complaint, the original pleading is superseded.
19      Plaintiff is admonished that by signing an amended complaint he certifies he has made
20  reasonable inquiry and has evidentiary support for his allegations and that for violation of this
21  rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  FED. R.
22  CIV. P. 11.  Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may
23  be punished by prison authorities for violation of the court's rules and orders.  *See* 15 CAL.
24  ADMIN. CODE § 3005.
25      A prisoner may bring no § 1983 action until he has exhausted such administrative
26  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

*v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule Plaintiff risks dismissal of his action.

### IV

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's February 1, 2007, complaint is dismissed; and

2. Plaintiff is granted thirty-five (35) days from the date of this order to file a first amended complaint. Failure to do so may result in dismissal of this action.

/////

Dated: January 16, 2008

/s/ Arthur Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation